UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBORA M. MATTER,<br><br>                           Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                           Defendant. | CASE NO. C14-5415-JLR-MAT<br><br>REPORT AND RECOMMENDATION<br>RE: SOCIAL SECURITY DISABILITY<br>APPEAL |

Plaintiff Debora Matter proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be REVERESED and REMANDED for further administrative proceedings.

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE - 1

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974.[1] (AR 198.) She did not graduate from high school nor did she receive her GED. (AR 35.)

Plaintiff protectively filed applications for DIB and SSI on November 6, 2010, alleging disability beginning May 29, 1974. (AR 17, 198-99, 202-07.) Her applications were denied at the initial level and on reconsideration. (AR 102-10, 114-26.)

On December 11, 2012, ALJ David Gatto held a hearing, taking testimony from plaintiff and a vocational expert. (AR 32-51.) On January 2, 2013, the ALJ issued a decision finding plaintiff not disabled. (AR 14-31.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on April 2, 2014 (AR 1-7), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

**JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

**DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since May 29, 1974, the alleged onset date. (AR 19.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found learning disorder/borderline intellectual functioning and anxiety disorder/panic disorder

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

with agoraphobia to be severe impairments. (AR 19-20.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 20-21.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform work at all exertional levels with the following nonexertional limitations: plaintiff is limited to unskilled work and can only have occasional, brief, and superficial contact with the public. (AR 22-25.) With that assessment, the ALJ found plaintiff able to perform her past relevant work as a maid and cleaner. (AR 25-27.) Finding plaintiff not disabled at step four, the ALJ did not proceed to step five. The ALJ concluded plaintiff was not disabled at any time from the onset date through the date of the decision.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by (1) improperly evaluating whether plaintiff met Listing 12.05C, (2) failing to provide clear and convincing reasons to find plaintiff not credible, and (3) failing to provide specific and legitimate reasons to reject objective evidence. She asks that the

REPORT AND RECOMMENDATION
PAGE - 3

ALJ's decision be reversed and her claim remanded for an award of benefits. The Commissioner concedes that the ALJ erred in his evaluation of Listing 12.05C; however, argues the ALJ's decision should be remanded for further administrative proceedings.

<u>Listing 12.05C</u>

Plaintiff and defendant agree that the ALJ committed reversible error in evaluating whether plaintiff met Listing 12.05C. Dkt. 14 at 2-15; Dkt. 24 at 2-4. However, while plaintiff argues that the claim should be remanded for payment of benefits, defendant argues the case should be remanded for further proceedings. Dkt. 14 at 15-17; Dkt. 24 2-4.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen, supra*, 80 F.3d at 1292).

Here, outstanding issues must be resolved. In evaluating Listing 12.05C, the ALJ found that plaintiff "does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." (AR 21.) However, the record shows plaintiff underwent IQ testing on

REPORT AND RECOMMENDATION
PAGE - 4

November 2, 1984.  Her Verbal IQ was measured at 66, her Non-Verbal IQ was measured at 81, and her Full Scale IQ was measured at 71.  (AR 284.)   The record also shows plaintiff had IQ testing performed on January 5, 2011.  That test measured her Verbal IQ at 70, Performance IQ at 73, and Full Scale IQ at 69.  (AR 324.)  While the ALJ finds this testing invalid, he fails to provide any reason for doing so.  The ALJ noted that his conclusions regarding Listing 12.05C "will be fully discussed below."  (AR 21.)  However, he fails to provide any such explanation.  In fact, the ALJ gave great weight to the opinion of Debra Belshee-Storlie, Ph.D., the psychologist who performed plaintiff's IQ testing in 2011.  (AR 25.)

Also, while the ALJ states that plaintiff does not have an additional physical or mental impairment resulting in additional, significant work related limitations, this is contradicted by the ALJ's step two findings.  In addition to finding plaintiff's learning disorder/borderline intellectual functioning to be severe, the ALJ also found plaintiff's anxiety disorder/panic disorder with agoraphobia to be a severe impairment, noting that it "has more than a minimal effect on the claimant's ability to perform basic mental work activities.  (AR 19.)  The ALJ provided no explanation for why this impairment would be severe in the context of step two, but not cause significant work related limitations as required by Listing 12.05C.

Finally, the ALJ did not address additional criteria of Listing 12.05C.  In addition to the above two criteria, the claimant must demonstrate his or her impairment "satisfies the diagnostic description" for Listing 12.05 contained in the explanatory material for mental disorders under 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00.  *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A)).  The Commissioner's regulations provide specifically that:

> Listing 12.05 contains an introductory paragraph with the diagnostic description

REPORT AND RECOMMENDATION
PAGE - 5

for mental retardation.  It also contains four sets of criteria (paragraphs A through D).  If your impairment satisfies the diagnostic description in the introductory paragraph <u>and</u> any one of the four sets of criteria, we will find that your impairment meets the listing.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A) (emphasis added).  To be found disabled under Listing 12.05C, therefore, plaintiff also must show that she had "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" prior to age 22.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05(C).

The ALJ erred by concluding plaintiff did not meet Listing 12.05C without providing adequate explanation for this finding.  Because outstanding issues must be resolved, including the validity of plaintiff's IQ testing and the degree of plaintiff's adaptive functioning, this claim should be remanded for further proceedings.  Upon remand, the ALJ should reevaluate whether plaintiff meets or equals Listing 12.05C, and, if necessary, acquire evidence from a psychiatric medical expert as recommended by defendant.  Dkt. 24 at 2-3.

<u>Step One Determination</u>

Defendant concedes that the ALJ erred in his step one determination.  Dkt. 24 at 2.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date of May 29, 1974.  (AR 19.)  However, the record shows plaintiff's earnings in 2007 may rise to the level of substantial gainful activity.  (AR 210, 233.)  Upon remand, the ALJ should reassess whether plaintiff has engaged in substantial gainful activity since the alleged onset date.

<u>Credibility Determination and Evaluation of the Medical Evidence</u>

Plaintiff also argues the ALJ erred in his credibility determination and in his evaluation of the medical evidence.  Dkt. 14 2, 17-25.  Defendant does not address these issues.  As the Court has already determined this matter should be reversed and remanded for further consideration,

the ALJ should also reevaluate plaintiff's credibility and the medical evidence upon remand.

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be REVERSED and REMANDED for further administrative proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14)** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 19, 2014**.

DATED this 3rd day of December, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge